SARAH W. PALMER, wife of DAVID D. PALMER, late SARAH W. JONES, by her next friend THOMAS A. JONES,

*vs.*

DR. ROBERT G. ELLEGOOD, and GEORGE W. WILLIN, SHERIFF, and JAMES W. MORGAN, JOHN H. SPICER, JOHN R. WILSON and JAMES RAWLINS, garnishees, and DAVID D. PALMER.

*Sussex, Sept. T. 1868.*

Upon a satisfactory shewing of the insufficiency of the surety in an injunction bond, further security will be required and, in default thereof, the injunction will be dissolved.

PETITION FOR INJUNCTION.—The petition was filed June 10, 1868, and on motion of *Robinson,* for the petitioner, a preliminary injunction, to restrain proceedings at law, was awarded June 23, and bond taken with George R. Jones as surety. A rule was immediately obtained,

returnable upon the third day of the ensuing term, requiring the petitioner to shew cause why the injunction should not be dissolved.

On June 24th the defendant Ellegood filed his petition for further security in the injunction bond. This petition alleged that the surety was insufficient, in fact utterly worthless and insolvent, that the principal in the bond had executed and delivered a written contract for conveyance of the principal part of his real estate, and had executed a deed for the same which was not yet delivered, but that the real estate was in possession of the grantees, that the residue of his real estate was worth only about $400, and his personal property small and inconsiderable in value. It was further alleged that the insufficiency in value, was, in this case, material.

The petition prayed that further security might be required in the injunction bond and also that the order for the injunction might be amended so as to permit the petitioner to pursue his writs of execution against such property of David D. Palmer as he held in his own right and not in right of his wife, the said Sarah W. Palmer. The petition was verified by affidavit.

The petition having been filed, upon motion of *Moore*, for the petitioner, a rule was granted, returnable at Chambers on July 1, next, requiring the complainant to shew cause why further security should not be required according to the prayer of the petition. On June 29, the injunction was modified, as prayed, by an order, dissolving it so far as it restrained any proceedings against property of David D. Palmer other than such as had accrued to him in right of his wife, and on July 1, at the return of the rule, on motion of *Moore*, for the petitioner, an order was made that Thomas A. Jones, the next friend of the petitioner, should, on or before July 6, enter into an additional injunction bond in $2000, with another surety to be approved

by the Chancellor, or otherwise that the injunction should be dissolved.

The new bond recited the proceedings, the old bond and the order for new security and then contained the usual condition.